UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Vigilant Insurance, and
Federal Insurance Co.,

Civ. No. 17-1351 (PAM/HB)

Plaintiffs,

v.

**MEMORANDUM AND ORDER**

North Suburban Towing,

Defendant.

---

This matter is before the Court on Plaintiffs' Motion to Exclude Expert Testimony (Docket No. 29.) For the following reasons, the motion is denied.

**BACKGROUND**

In December of 2014, an employee of Relay House, Inc. ("Relay") contacted Boyer Trucks and asked them to tow a broken satellite uplink truck for repair. (Def.'s Opp'n Mem. (Docket No. 36) at 2.) Boyer Trucks retained Defendant North Suburban Towing, Inc., to complete the tow. (Id.) Defendant sent an employee to tow the truck, but rather than towing it, he attempted to make repairs to the vehicle. (Id.) After making some changes to the driveshaft, Defendant's employee asked Relay's employee to test drive the vehicle. (Id. at 3.) During the test drive, the rear axle assembly completely separated from the truck, causing damage to the truck and its contents. (Id.)

The truck and its contents were insured by Plaintiffs Vigilant Insurance Company and Federal Insurance Company. (Compl. (Docket No. 1) at ¶ 2.) Relay made claims under its policies. Plaintiffs made the required payments and became subrogated to the

rights of Relay.  (Id. at ¶ 18.)  They now sue Defendant in negligence, claiming that the actions of Defendant's employee caused the damage.  (Id. at ¶ 20.)

Defendant hired Hernan Mercado-Corujo ("Mercado"), a mechanical engineer, to review expert reports, claim files, photos taken by the adjusters, and deposition transcripts.  (Def.'s Opp'n Mem. at 4.)  He concluded that the damage to the vehicle was inevitable due to pre-existing problems with components on the underside of the vehicle, specifically the U-bolts and rear axle.  (Id. at 4.)  He further concluded that the truck would likely have suffered the same fate had it been towed as planned.  (Id. at 5.)

**DISCUSSION**

Rule 702 provides for the admissibility of expert opinion testimony.  According to the Rule, this testimony is admissible if the expert is qualified and:

> (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
> (b) the testimony is based on sufficient facts or data;
> (c) the testimony is the product of reliable principles and methods; and
> (d) the expert has reliably applied the principles and methods to the facts of the case.

Fed. R. Evid. 702.  The Court's role is to act as a "gatekeeper" to ensure that only relevant and reliable expert testimony is admitted.  See Daubert v. Merrell Dow Pharm., Inc., 509 U.S. 579, 589 (1993).  To determine reliability, the Court should examine (1) whether the theory or technique can be and has been tested, (2) whether it has been subjected to peer review and publication, (3) the known rate of potential error, and (4) whether the theory or technique has been generally accepted.  Id. at 592-95.

However, "the factual basis of an expert opinion goes to the credibility of the testimony, not the admissibility, and it is up to the opposing party to examine the factual basis for the opinion in cross-examination." Bonner v. ISP Techs., Inc., 259 F.3d 924, 929 (8th Cir. 2001) (citation and quotation omitted). The Court should exclude an expert witness "[o]nly if the expert's opinion is so fundamentally unsupported that it can offer no assistance to the jury." Id. at 929-30.

Plaintiffs argue that Mercado's testimony should be excluded largely because: (1) he is unqualified to express his opinion; (2) he did not inspect the truck or components in person; (3) his analysis is based partially on statements and conclusions made by others; and (4) his opinion is irrelevant because it does not address the potential fault of Defendant's employee.

**A.  Qualifications**

Plaintiffs contend that Mercado is not qualified because he has never worked with or operated tow trucks, has insufficient experience outside of his education, and primarily works in vehicle fire investigation. However, Mercado is a licensed mechanical engineer, has used his engineering degree in the automotive industry for more than 16 years, and is involved in multiple relevant professional associations. (See Martin Aff. (Docket No. 37) at 37.) His curriculum vitae details extensive work with vehicles and their component-parts, including investigative work in those areas. (Id. at 42.) Overall, his education and experience show that he is qualified to express his opinions on vehicular components and their importance in this case. The fact that he has not investigated this exact situation in the past does not render his report and testimony irrelevant.

3

### B. Method of Inspection

Plaintiffs argue that because Mercado could not inspect the truck first-hand, his testimony is inadmissible. This argument is meritless. Mercado had no opportunity to inspect the damage in person because mechanics fixed the truck and discarded the damaged parts before this lawsuit was initiated. (Pl's Ex. B (Docket No. 29) at 4-5.) Plaintiffs' disclosed expert, Richard Boesel, also conducted his investigation after the truck was repaired. (Id. at 12.) By this logic, Plaintiffs' argument would call for the exclusion of their own expert witness as well as Defendant's. Mercado admits in his report that his findings are imperfect because he did not see the truck or components first-hand, but his report and testimony would still assist a jury with facts in issue. His lack of first-hand knowledge can be addressed on cross-examination.

### C. Basis of Mercado's Opinions

The fact that Mercado formed his opinions and conclusions with the help of statements and writings from others also does not mandate exclusion of those opinions. Mercado's expert report is based on photos taken of the vehicle and its components shortly after the accident, statements from insurance adjusters and mechanics, and deposition testimony from those present at the time of the damage. These are shortcomings in the investigation that Mercado repeatedly acknowledges in his report, and they can be more properly addressed during cross-examination. Despite these shortcomings, the reliability of Mercado's opinions and methods are bolstered by the fact that another mechanical engineer at his company peer-reviewed his report. (Id. at 15.) While Mercado relies on statements and information provided by others, he uses that information to piece together

the situation as best he can, explain the component parts involved and the factors at play, and then provide a conclusion. It is common for experts to analyze photos and documents prepared by others, and it is up to the jury to decide whether Mercado's conclusions are credible due to his reliance on second-hand photos and documents. As it stands, the materials Mercado used are a sufficient basis for his testimony.

**D.     Subject of Mercado's Opinions**

Plaintiffs also take issue with Mercado's failure to focus on the background and training of Defendant's employee. Testimony is admissible if, in part, "the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue." Fed. R. Evid. 702(a). The Rule does not require that the testimony assist the jury with all facts. Mercado's report and testimony addresses the root cause of the damage to the vehicle, and whether the damage would have occurred had the vehicle been towed. These are certainly facts in issue. His opinions are helpful to a jury because he explains, among other things: (1) the location, function, and importance of the relevant truck components; (2) how these components interact with other components on vehicles like the one in question; (3) how these components can fail, and the consequences if they fail; and (4) his opinion on the likelihood of these components failing during a tow. (See generally Pl's Ex. B. (Docket No. 29.)) This is specialized information that can help a jury better understand the technical and mechanical aspects of the issues presented in this case. If Plaintiffs believe Mercado failed to consider all relevant factors in forming his opinion, that is a matter for cross-examination.

**CONCLUSION**

Mercado's testimony and report are relevant to this case. Further, he is qualified to give his opinions, which would assist the jury in understanding the technical and mechanical issues presented. Accordingly, **IT IS HEREBY ORDERED that** Plaintiffs' Motion to Exclude Expert Testimony (Docket No. 29) is **DENIED.**

Dated: <u>September 24, 2018</u>                        <u>*s/ Paul A. Magnuson*</u>
                                                           Paul A. Magnuson
                                                           United States District Court Judge