UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Vigilant Insurance Company,                                      Civ. No. 17-1351 (PAM/HB)
a/s/o Relay House, Inc., and
Federal Insurance Company,
a/s/o Relay House, Inc.,

                Plaintiffs,

v.                                                                             **ORDER**

North Suburban Towing, Inc.,

                Defendant.

---

This matter is before the Court on the parties' Motions in Limine.

**A.**     **Plaintiffs' Motions**

Plaintiffs filed four separate Motions in Limine.

    **1.**     **Testifying Witnesses**

Plaintiffs' first Motion asks that the Court exclude testifying non-party witnesses from the courtroom until they are called to testify. The Court agrees that most non-party witnesses should be excluded from the courtroom during other witnesses' testimony. However, the Court will not exclude the parties' expert witnesses from the courtroom. The Motion is therefore granted in part and denied in part.

    **2.**     **Opinions of Non-Testifying Witnesses**

Plaintiffs argue that Defendant's expert witness will testify regarding opinions of individuals who will not testify in this matter. Specifically, Plaintiffs contend that the expert relies on four different opinions in the claim files and that such opinions are

inadmissible hearsay. But as Defendant points out, the claim files are Plaintiffs' own business records, and the contents of those records is generally admissible either as a business record or as an admission of a party.

To the extent that there are matters within the records that may nevertheless be inadmissible, such decisions must await the development of the evidence at trial. This Motion is denied without prejudice.

### 3. Affirmative Defenses

Plaintiffs ask the Court to strike Defendant's affirmative defenses of contributory negligence/assumption of the risk, unavoidable damages, laches, and spoliation of evidence. Defendant opposes the Motion only as it relates to the Plaintiffs' comparative fault.

Whether the evidence will establish any comparative fault on the part of Plaintiffs' insured must await the presentation of that evidence at trial. The Motion is granted as to the defenses of unavoidable damages, laches, and spoliation of evidence, and denied without prejudice as to comparative fault.

### 4. Undisclosed Opinions

Finally, Plaintiffs seek to exclude from evidence any opinions not previously disclosed. The Court expects counsel to act as officers of the Court and does not anticipate counsel introducing any undisclosed opinions. This Motion is denied without prejudice to objection during trial.

## B. Defendant's Motion

Defendant's only Motion in Limine asks the Court to preclude Plaintiffs from offering into evidence the report of their expert witness. Expert witness reports are typically not admissible, and Plaintiffs have not filed any opposition to the Motion in any event. The Motion is therefore granted.

## CONCLUSION

Accordingly, **IT IS HEREBY ORDERED that**:

1. Defendant's Motion in Limine (Docket No. 59) is **GRANTED**;
2. Plaintiffs' Motion in Limine (Docket No. 66) is **GRANTED in part** and **DENIED in part**;
3. Plaintiffs' Motion in Limine (Docket No. 67) is **DENIED without prejudice**;
4. Plaintiffs' Motion in Limine (Docket No. 68) is **GRANTED in part** and **DENIED without prejudice in part**; and
5. Plaintiffs' Motion in Limine (Docket No. 69) is **DENIED without prejudice**.

Dated: May 13, 2019

*s/ Paul A. Magnuson*
Paul A. Magnuson
United States District Court Judge